REGAN, Judge.
Plaintiff, R. C. Hutchinson, instituted this suit on a promissory note against the defendant, the Savanna Corporation, endeavoring to recover the sum of $1750.00, the face value thereof, plus 4% interest and 20% attorney’s fees on both the principal and interest.
Defendant answered and denied the indebtedness, asserting that this obligation had been paid by the assignment to plaintiff’s wife of a fractional interest in overriding royalty payments emanating from a mineral lease on a tract of land in Acadia Parish.
From a judgment in favor of the plaintiff as prayed for, the defendant has prosecuted this appeal.
The note sued upon was drawn by Charles B. McKendrick and endorsed by the defendant corporation, in which Mc-Kendrick owned all of the stock. It was dated November 10, 1954 and both litigants concede that nothing was paid on the principal; however, defendant did,pay the interest due thereon until November 10, 1958.
The record reveals that on December 12, 1958, Charles McKendrick assigned to plaintiff’s wife a 1/3 of l'% interest in overriding royalties to be derived from a mineral lease for a recited consideration of “Ten ($10.00) dollars and/or for good and valuable consideration * * * Defendant insists that this assignment was made and accepted in full satisfaction of the note.
The only question which this appeal has posed for our consideration is whether the defendant has borne the burden of proving his affirmative defense, that is, whether the assignment was given and accepted as full payment for the overdue promissiory note.
Plaintiff testified that he and McKen-drick had verbally agreed that defendant could satisfy the obligation on the note by, assigning to plaintiff an interest in overriding royalties that would produce a return of $25.00 monthly; however, the note would -remain in his possession until the royalty checks were actually received. He further asserted that his wife has not received one royalty payment.
Mrs. Hutchinson, plaintiff’s wife, stated that the assignment of the interest was accepted as payment of the note; however, she obviously was unfamiliar with the agreement between McKendrick and her husband relative to the condition that the obligation would remain outstanding until the royalty payments were actually begun. She further related that she did not know McKendrick and had learned of the arrangement from her husband. The pattern of her testimony pointed out the fact that she was not accustomed to handling business transactions.
McKendrick, the other party to the assignment, died on August 15, 1959.
*472 In view of the fact that plaintiff retained the promissory note and defendant produced no evidence to establish that the assignment of itself was accepted by plaintiff as payment therefor, we are of the opinion that he has failed to prove that the obligation was extinguished.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.